17-2162 and 17-2170, Anderson v. Brennan. All right. We have cross appeals in front of us, but we're going to hear from you first, please. Thank you, Your Honor. Good morning. May it please the Court, Emily Smith Lee for the Plaintiff Appellate. Excuse me. Your Honor, may I reserve two minutes for rebuttal? Yes. Could you pull that a little closer? Sure. Is that better? Your Honor, I'll address the remedy issue first, as that is our appeal, and then address the Postal Service's arguments on the liability second. After a seven-day bench trial, Judge Saris found that Ms. Anderson's termination was retaliatory. She awarded her back pay, she awarded her attorney's fees, and she also determined that a forward-looking remedy was appropriate and ordered Ms. Anderson reinstated. I just have some questions about what happened at trial, and maybe you can enlighten us. So you made it clear at trial that your preferred remedy was reinstatement? I was not trial counsel, but that was the preferred remedy. Okay. And was the preferred remedy reinstatement to the postal window position, as opposed to the postal police? So when trial counsel submitted proposed findings, there were requests in the alternative. The first choice for Ms. Anderson would have been reinstatement as a PPO, and trial counsel offered the window clerk as an alternative, since that had been offered before. Okay. So it was put at issue at trial whether this reinstatement was appropriate, and which of the two alternatives was appropriate. I don't know that there was evidence on the window clerk position put in that trial that was requested in the proposed findings. But did the plaintiff put on evidence as to both of the positions then? I'm not sure I have the answer to that question, Your Honor, and I apologize. Counsel, did the postal service at trial, I'm not talking about post-judgment, did the postal service ever present evidence that the window clerk was appropriate? Any evidence or argument that reinstatement would be an inappropriate remedy? I don't believe so, Your Honor. Certainly the information that was provided post-judgment was not at trial. Okay. But, unfortunately, the same may be true of you, right? You just said you weren't sure that your client's lawyer, in fact, put in evidence on that. What I'm unsure of is whether the specific question of reinstatement as a window clerk came up in the record. Certainly the judge had seven days of testimony to understand sort of the lay of the land in the post office and to make a determination about an appropriate remedy. Now, our issue, to be clear, when the judge was faced with the original motion for reconsideration by the postal service, it's our position that she could have appropriately underlined it. But she did not. She asked for further submissions. And, again, when Lucia was raised in response to my client's evidence, she again had two very appropriate choices under Lucia to formally reopen the record or to go back to her original judgment of reinstatement. One of the things the postal service says and the district court says is when the postal service is going to reopen the record, it's going to have to go back to the original judgment of reinstatement. And I'm not sure that the postal service came in with this CBA and the affidavit that you did not object on Lucia grounds when you could have and so you sort of waived any objection on that basis. So a couple of points to make in that regard, Your Honor. I can't speak to why prior counsel didn't put that in his opposition at the same time. As a factual matter, it wasn't put in. Correct. You're correct. The entire universe of things that happened that we take issue with on the remedy all happened after judgment. If we waived the right to raise Lucia, didn't they waive the right to object to the reinstatement with this new evidence prior to the original judgment? That's issue number one. Issue number two is our second opportunity to respond to Lucia. They waived the evidence which your client didn't put on until the post-trial submissions? No, Your Honor. They filed a motion for reconsideration post the first judgment bringing new information in. So if the rule is you can't argue about something that wasn't raised before the judgment, it's sort of good for the goose, good for the gander. Is your point, I guess it goes back to a question I asked earlier. Since apparently reinstatement was put before the court, before its original decision and order, the Postal Service was on notice that that was a possible remedy and it apparently, if I understood your earlier answer correctly, did not put on any evidence or even argument as to why that would be an inappropriate remedy. Judge Lopez and I have very similar concerns about this. It's also not clear to me whether your request came after the close of evidence before the district court entered its decision or whether the issue was raised during the evidentiary portion of the trial. The sequence of events, as I understand them not having been trial counsel, the bench trial concluded, the evidence closed, the judge requested the parties to submit proposed findings of fact and conclusions of law, which were submitted by both parties in or January, I believe. The judgment issued a couple months later. It was after the close of the trial, but there was no objection to that request for alternative reinstatement between the findings of fact in January, the proposed findings, and the judgment in March. I hope that answers your question. So you're saying when, after the evidence closes and the judge says I want some filings and you make the filings and you ask for reinstatement one or the other, that the Postal Service at that point did not file any objection to reinstatement? Correct, as I understand the record. Okay. Well, we'll ask them whether that's true. And I gather you would argue that's, in your point of view, they then waive the opportunity post-judgment to then submit the information they did in opposition to reinstatement. That's sort of your if we waive, then they waive. Is that the reason you argue if we waive, they waive? You didn't argue that post-trial about them, correct? In a way, Your Honor, we did when we moved for a new trial, saying that it was error for the trial court to consider that evidence. All right. Are there any more questions on the remedy? No, no, no, that's perfectly fine, Your Honor. I just want to speak briefly to the government's Postal Service's appeal on the liability question. And I would say that an attack on Judge Saris's finding of liability amounts essentially to shining a little penlight on a couple of perceived flaws instead of turning on the overhead light, which is what Judge Saris did in the trial. That was her job and she did it appropriately with the overhead light on. The record is clear that we've got an employee, a long-time employee. They talk about a lot of recent disciplinary records, but no disciplinary issues until she started filing EEO complaints. We've got a trial judge who was clearly very troubled by the disproportionate way in which Ms. Anderson was treated. We know all that. They're trying to say that there were some legal errors in how she approached it, that she used conduct as to which the statute of limitations had run, and no remedy could be given for that conduct. That's one of their arguments. Another of their arguments is as a matter of law, she compared her treatment to that of two guys and they're not comparators. Okay. Can you address those two arguments? Absolutely, Your Honor. With respect to the prior discipline, even the case law the Postal Service has submitted is clear that you can consider old events as background for your timely discrimination claims. And this is exactly what Judge Saris did. She was troubled by the motivation behind all of these and she was trying to answer the question, what's the motivation behind Ms. Anderson's termination? There's nothing that they've put before you to suggest that it's an abuse of her discretion to do that. Simply because Ms. Anderson could not bring a separate lawsuit for those prior disciplinary actions does not mean that they don't exist. She cannot bring a separate lawsuit now, but she could have. Correct. And so isn't there, educate me please, sort of this process of progressive discipline, and part of the process is the give and take, which affords an employee a challenge to bring actions in court. And if the employee doesn't, then in exchange there's certain benefits. How do you respond to the argument that what the judge did here, and I remember the regular briefs, was basically retry, or try for the first time, matters that could have been tried, but for which now the statute of limitations is run, and so your client is out of luck on that? I understand the arguments, and I understand the logical argument. I argue the case law does not support this, and if it did support this, what we would be saying is we would be asking employees to bring many lawsuits every time there was something that happened before they know that in the whole gestalt of everything, it's a series of events that ties into one, if we will. What's your home run case? I know you've cited the case, the opinion that Judge Sellier wrote, involving jury instructions and sort of background evidence. Is there any other case that to you is just a winner? Honestly, Your Honor, even the cases that they cite make this point regarding the background evidence. If you give me two seconds, I'll find you the one. I believe it's Perkins, if my notes are to be believed. I may have written a few of those opinions myself. Counsel, if I could just ask you about, there's a line in Judge Serra's opinion where, I'm not entirely sure how to read it. She seems to say that, I mean, she defends her consideration of these earlier incidents as background evidence, but do you understand her to say that even if I shouldn't have done that, that just looking at this incident, what happened to your client, how what happened to her was so disproportionate to what happened to other comparatives that she sees it that just focusing on this incident, I can find the necessary retaliation. Does she offer that as sort of an alternative finding in your view? I think she did, and I would agree with that. I think that's the point of the overhead light. There are a litany of things that she found and recited in her opinion, which should have made it within her discretion to find retaliation, even if they're right on this point. I read it the way you do, but that then puts front and center their comparative evidence, right? Which was among what the trial court cited. I don't know if I'm out of time or if I should save that for rebuttal. On the comparative question, the law is clear that this is a flexible standard. All of the cases that they've cited have dealt with upholding summary judgment decisions that a court has made, not a decision by a trial court sitting in a bench trial, seeing the witnesses for seven days, coming to her own conclusion that there are sufficient similarities that she can make a meaningful comparison. That, we would argue, is a sound exercise of her discretion, and they haven't provided any compelling reason to argue that she abused that discretion, given her vantage point as the trial judge. Thank you. Good morning, Your Honor. Jennifer Utrecht, on behalf of the Postmaster General. I'm joined by my colleague, Jason Wada, who is trial counsel in this case. May I please have the court? I'd like you to start with their appeal. With the remedies question, Your Honor? With their appeal, not yours. Yes, Your Honor. So there are a few points that I'd like to make about the remedy question here, and I think the first point is a couple of questions were asked about what the procedure of this was. The suggestion was made that because you did not object before the district court entered its judgment, when she asked for the post-evidence filings, because you did not object then to the request for reinstatement, that that amounts to a waiver on your part, to which I ask the question, well, was that point made to Judge Saris? So would you address both of those, please? Yes, Your Honor. So first, I'd like to start by stating that Judge Saris, at the end of trial, specifically stated that no responses, replies, or surreplies would be allowed to these proposed findings of fact at conclusions of law, which explains in part why the Postal Service chose not to say anything about this new alternative remedy that was requested for the first time in the proposed findings of fact and conclusions of law. What do you mean, alternative remedy? I thought she wanted reinstatement all along. The reinstatement to the window clerk position was an alternative remedy that was brought up for the first time in these proposed findings of fact and conclusions of law. There was no evidence during trial or suggestion during trial that this was a remedy that she sought. So we presented for the first time in the proposed findings of fact and conclusions of law with this alternative, and having been told by Judge Saris that no responses... Did you object to the other alternative? To reinstatement as... Well, Your Honor, the entire trial, the Postal Service put on evidence that there was an antagonistic relationship between Ms. Anderson and her very small postal police unit. Did you in your post-trial filings about remedy make the point that reinstatement as a postal police officer would be inappropriate? Yes, Your Honor. In our proposed findings of fact and conclusions of law, we did have several bullet points specifically addressing why reinstatement was not an appropriate remedy in the circumstances of this case. Did you argue that reinstatement would run afoul of the collective bargaining agreement in some way? No, Your Honor. So our proposed finding of fact was submitted first, and this was before the window clerk position alternative had been suggested. There was no reason for us to believe that reinstatement to a PPO position would violate a collective bargaining agreement, but it did. It would cause a continued antagonistic relationship with Ms. Anderson and with the postal police force, which is what was argued in our proposed findings of fact and conclusions of law. Then Ms. Anderson submitted her proposed findings of fact and conclusions of law, which brought up this alternative for the first time, and it was that, not the reinstatement to the window clerk position in and of itself, but reinstatement to the window clerk position with her full seniority intact, which was something new and something that the Postal Service believed might violate the collective bargaining agreement, which is why we brought that up in reinstatement. I'd like to ask you something about the fairness of these post-judgment proceedings. You argue that, and Judge Saris agrees that she was entitled to take judicial notice of the collective bargaining agreement. That goes to what the document says, the words on the page. But as to what it means and how it might have precluded reinstatement to a window clerk position for the reasons that you argue, that seems to me to be perhaps a matter of interpretation. There might be a course of conduct pursuant to the agreement that belies what the words on the page say, and I understand them to say that they wanted an opportunity to present evidence to the effect that the collective bargaining agreement does not necessarily mean what the words on the page say or even what the postal official said in an affidavit, and they never had the opportunity to present that evidence. It seems to me there's some force to that argument. Why isn't there some merit to their claim that they were treated unfairly in exactly that way? Well, Your Honor, a few points. The first is there was an opportunity for them to explain a different interpretation of the CBA in the briefing. What was not allowed in this case was consideration of extra record evidence about settlement discussions between the Postal Service and Ms. Anderson. I understand that, but I understand them to say that they also were in a position and would have been able to offer evidence that, in fact, individuals had been reinstated to a window clerk position in a way that did not run afoul of the seniority provisions. The next thing that I would like to note, Your Honor, is that at no point in Judge Sarris' decision does she say, the reason I am taking away this remedy is I believe the CBA agreement precludes it. Instead, Judge Sarris says I am exercising my equitable discretion to decide that this is not an appropriate remedy. That exercise of discretion is informed by what she believes the collective bargaining agreement says. I don't know how you can just invoke that kind of discretion and ignore that fact. That's correct, Your Honor. That's one of the considerations that comes into play here, but we also have the fact that this was a remedy that was requested post-trial with no evidence other than a simple request at trial for it. I'm sorry. The request for this alternative reinstatement was the request for reinstatement with seniority? To a window clerk position. So the with seniority was part of the plaintiff's request? The specific language of the proposed finding of fact and conclusion of law says that as an alternative to reinstatement as a postal police officer, she would accept reinstatement to a window clerk position so long as she could have that reinstatement with her seniority intact. Okay. And there was absolutely no supporting evidence presented in the findings of fact? The postal service was caught by surprise by that. It had not come up before then. You weren't allowed to reply. And then when the judge, when you filed your motion to alter the remedy in the case, that was the first chance you had to put the CBA in evidence? That's correct, Your Honor. And there had been absolutely no chance to respond to that before, nor was there any evidence in the record, and the plaintiff had that opportunity in her proposed finding of fact to support the record. So you have two different arguments. One is the district court in the end exercised its discretion, and even if it was mistaken about its reading, you don't know that that's what it turned on. And then your second argument is, well, she wasn't mistaken about the reading. It's pretty plain. That's correct, Your Honor. If there are no further questions about remedy, I would like to turn to liability. Just one quick question following up on what both my colleagues have asked. With respect to the collective bargaining agreement and the argument that the plain language is conclusive, I also read the filings by your sister to suggest, well, there might have been, you know, other documents, memorandum of understanding, other information that might have been relevant to what the collective bargaining agreement means. Hypothetically, if the judge were to reopen the record on the question of the collective bargaining agreement and the reinstatement to full window clerk with seniority position, your position would be what on that? I'm sorry. Let me make sure I understand the question. If the court were to reopen the record on reinstatement to window clerk position with seniority, my position on whether there are additional documents, well, I would imagine that there would need to be additional discovery on this question and that at this point further illustrates why the district court was fully within its discretion to deny reopening the record because at this late juncture, it is extremely strange and very prejudicial to the Postal Service to essentially have an entirely new trial on something that was brought up after the trial had already closed. Counsel, didn't the district court, in addition to considering the collective bargaining agreement, consider the affidavit submitted by a postal authority offering an interpretation or reading of the document? And that surely, that affidavit is not subject to judicial notice. It is true that the Postal Service submitted an affidavit, but I do not read Judge Sarris' decision as taking that affidavit into consideration. Judge Sarris says that there is nothing, it doesn't appear as if there is anything in the CBA that would allow for reinstatement with full seniority and nothing that Ms. Anderson has submitted was subject to judicial notice that she could consider for an alternative interpretation of that CBA. So I don't think there is any reason for this court to analyze whether the affidavit itself should be subject to judicial notice. I understood her to be saying she was taking judicial notice only of the CBA. That is my understanding as well, Your Honor. If there are no further questions about remedy, I would like to turn to the liability point. Your Honor, the district judge here emphasized throughout the order on reconsideration the difference between how Ms. Anderson was treated compared to other allegedly similarly situated PPOs. Specifically, the court held in the order on reconsideration that sleeping on the job was not taken seriously by the Boston police force. But that is simply not what happened here. No, no, no. She says, look, they've never terminated anybody for any discipline infraction. This is the very first time. It's quite an extreme remedy. And in reaching the question of whether the remedy was retaliatory, I'm going to take a look at the background here. And I'm going to take a look at how they have dealt with other situations where not only was no discipline ordered, it certainly wasn't termination. It was splash water on your face and go get a cup of coffee. Respectfully, Your Honor, this was an extreme remedy because this was an extreme situation. And just to put this in context. She's the trier of fact. What's the clear error in her ruling? Well, Your Honor, because this is simply not a case of comparing someone sleeping on the job to someone sleeping on the job. This is a case of someone who is repeatedly displaying insubordination on the job. What's the clear error in her determination that determination here, you obviously disagree with her. But she's making a finding of fact having heard all of the evidence. And you say there was legal error which determined the outcome. And I'm questioning whether that is, in fact, the case. Well, Your Honor, the standard for determining whether someone is an appropriate comparator is whether you have to question whether there are any material differences that would explain the employer's conduct. And here there are multiple, some of which were not discussed by the district court. I know they're not in exactly the same position. I take account of that. I still think termination here, if I look for the motivation, the motivation I see is retaliation for her having filed the complaints. So what's the clear error? Respectfully, Your Honor, the district court did say that there was a legitimate non-retaliatory and non-discriminatory reason for punishing Ms. Anderson. The only question was what the appropriate level of penalty was here. And the burden is on Ms. Anderson to show that but for her protected conduct, she wouldn't have been terminated. But here, and one of the things that was ignored by the district court, is that there was a full independent Office of the Inspector General investigation into this conduct, into this specific incident at the Brockton Mail Processing Plant. I want to go back to Judge Lopez's point that there were alternate rulings here. One is if I look at the two guys and what happened to them, then I reach the conclusion it was retaliation. But the other is, even if I was wrong to have looked at that, I still conclude that there was retaliation here because it was so extreme. And, you know, where is the clear error in that finding? She has just put aside the point you're arguing. Your Honor, I read Judge Sarris' decision as putting aside the initial finding. Her initial finding in the initial order before the motion for reconsideration was that Ms. Anderson's prior discipline, two pieces of Ms. Anderson's prior discipline that was unchallenged and unexhausted, that that discipline was retaliatory and that Ms. Anderson would not have been fired but for that discipline and therefore that sort of tainted the entire process. That decision is plainly precluded by United Airlines. The district court in the order on reconsideration stepped back from that without disavowing it and said because she was treated so much more harshly than other employees, that is enough to support a finding of retaliation. That is the alternative. And respectfully, that amounts even to clear error because Ms. Anderson simply has no comparators. There is not a single employee on record that has anything resembling, even setting aside those two suspensions, anything resembling her disciplinary history. Who has been terminated over a 20, 30 year time period? So from the Boston police force, that's correct, but you also have to keep in mind that this is an extremely small workforce. There are approximately 14 people in the Boston postal police force and about 500 postal police officers nationwide. The fact that only one person has been fired from such a small... That's correct. Counsel, I thought she did say, just to follow up on Judge Lynch's point, she couldn't find a single example nationally where somebody in this position had been terminated as a disciplinary measure. There were approximately three or four people in the three years preceding trial that had been terminated from the postal police force, one of whom had been terminated for falling asleep on the job. It was pursuant to a last chance agreement after multiple times of having fallen asleep. But again, we're here presented with an employee who, despite fully knowing that there was an emergency situation, who was assigned to guard a 2,000 square foot hole in the side of a mail processing plant and ensure the security of the mail, repeatedly... Look, we do know the facts. You're over your time. Would you like to make a final statement? Your Honor, respectfully, the facts of this case show that Ms. Anderson was terminated for a legitimate non-retaliatory reason, which was her serious misconduct at the Brockton fire. We ask that you reverse the district court's decision on that, and in the alternative, because Ms. Anderson has completely failed to present any evidence about the appropriateness of a window clerk position or front pay at trial, we ask that you affirm the district court's exercise of discretion to deny those remedies and not reopen the record. Thank you. Your Honors, I only have one additional point to make, unless you have questions, which should be clear when we're talking about the remedy. We agree that it's within Judge Sarris' discretion whether to reopen the record. The problem is that she moved back one space to denying front pay and didn't move all the way back two spaces to her original order of reinstatement, and we argue that it may not even be necessary to reopen a record on the collective bargaining and all of this stuff, that she can simply go back to that original order. Counsel, did you, in essence, make an offer of proof to Judge Sarris that if given an opportunity, and again, she would be asking for a reopening of the record, if given an opportunity to address the collective bargaining agreement, the affidavit that was entered, that you would present information to counter the Postal Services Interpretation Agreement? Did you make such an offer of proof? No, but prior counsel did, and to your question to other counsel here, Ms. Anderson did submit an affidavit of her own to address the collective bargaining agreement. She did have that opportunity. The judge then decided to change course and ask everybody to submit evidence on front pay so that she could look at that remedy, and then Lucia came up. The only evidence you're talking about is, well, gee, Judge, I read the CBA differently, and I'm the plaintiff in this case. No, I don't believe so, Your Honor. But what are the other documents? And was an offer of proof made as to that? I don't believe there was an offer of proof made. Ms. Anderson's affidavit submitted in response to the CBA filing did include examples of other people who had been similarly reinstated. Thank you. Thank you, Your Honor.